BUCHALTER NEMER
A Professional Corporation
PETER D. HOLBROOK (SBN: 105845)
CAROL DWYER DEFREITAS (SBN: 239769)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182
Email: pholbrook@buchalter.com
Email: cdefreitas@buchalter.com

Attorneys for Plaintiff
OCEAN TOMO, LLC, an Illinois Limited Liability
Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCEAN TOMO, LLC, an Illinois Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE LEE, an individual<br><br>Defendant. | Case No. SACV12-146JVS(MLGx)<br>Honorable: James V. Selna<br><br>**PRELIMINARY INJUNCTION** |

    The Court having considered the Stipulation for Injunction of Plaintiff Ocean Tomo, LLC ("Ocean Tomo") and Defendant Steve Lee ("Lee"), hereby grants the Stipulation and now, therefore:

    IT IS HEREBY ORDERED THAT for a period of one year:

    1.    Lee, his agents, servants, employees, attorneys and those in active concert or participation with him or them are restrained and enjoined from:

    (a)    Accessing, disclosing, sharing, copying, divulging, making known to any business, person or individual, or making any use whatsoever of:

    (i)    Attorney-client communications and attorney work-product of Ocean Tomo including but not limited to communications and

documents transmitted to and from Joel Lutzker, the in-house counsel for Ocean Tomo, relating to the arbitration proceeding before the American Arbitration Association entitled <u>In the Matter of Ocean Tomo LLC v. Patent Ratings, LLC</u> (the "Arbitration"), but excluding communications transmitted to and from the law firm of Buchalter Nemer;

     (ii) Confidential Information and Trade Secrets of Ocean Tomo relating to business information, client information, technology, products, and services of Ocean Tomo.  "Confidential Information" is defined as information not generally available to the public that was obtained from Ocean Tomo, or any of its Affiliates or that was learned as a result of the performance of any services by Lee to or on behalf of Ocean Tomo, and which falls within the following categories:

       (1) information concerning Trade Secrets of Ocean Tomo or any of its Affiliates;

       (2) information concerning products, services, technology, designs, processes, research that was existing or was in development of Ocean Tomo or any of its Affiliates during the time Lee was an employee of Ocean Tomo;

       (3) information concerning business plans, sales or marketing methods, methods of doing business, customer lists, customer usages and or requirements, or supplier information of Ocean Tomo or any of its Affiliates, but excluding specific customer names, information and relationships Lee demonstrates by a preponderance of evidence were known or developed by Lee prior to the commencement of his employment at Ocean Tomo;

       (4) information concerning the identity needs, purchase and payment patterns of, and credit terms, pricing of special relations with, the customers of Ocean Tomo or any of its Affiliates;

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 11140069v1

PRELIMINARY INJUNCTION

(5)     information concerning the identity, net prices and credit terms of, and special relations with, the suppliers of Ocean Tomo or any of its Affiliates; or]

(b)     Disclosing any Confidential Information or Trade Secrets regarding Ocean Tomo to Patent Ratings, LLC and/or Jonathan Barney or their affiliates, attorneys, agents, or employees, unless as may be required by law at a duly noticed deposition.

2.     "Confidential Information" shall not include any following:

(a)     information that Lee demonstrates by a preponderance of evidence was or becomes generally available to the public other than as a result of disclosure by Lee in violation of the Employment Agreement ("Employment Agreement" is defined as the Employment Agreement dated as of October 1, 2009 and all predecessor agreements between Ocean Tomo and Lee);

(b)     information that Lee demonstrates by a preponderance of evidence was or becomes available to Lee on a non-confidential basis from a source other than Ocean Tomo,  provided that such source is not known to Lee to be bound by a confidentiality agreement or other obligation of secrecy;

(c)     information that Lee demonstrates by a preponderance of evidence has been or is developed independently by Lee without violating any of the obligations under the Employment Agreement;

(d)     information Lee demonstrates by a preponderance of evidence is known generally to technology or intellectual property industry professionals regarding major patent holders, intellectual property based business entities and models that leverage and monetize patents and other intellectual property, general patent analytic tools and the providers of such or technology or intellectual property industry trends and dynamics.

3.    "Affiliate" means any entity in which Ocean Tomo owns a majority of the voting power.

4.    Lee shall have the right to disclose the Confidential Ocean Tomo Information to, or share the Confidential Ocean Tomo Information with, Lee's attorneys and their agents in connection with their representation of Lee pursuant to an order or stipulation protecting such information from further disclosure.

5.    Nothing herein shall limit the legal obligations of Lee under Lee's employment or computer usage agreements with Ocean Tomo or such other legal obligations that Lee may owe to Ocean Tomo.

6.    The Court shall retain jurisdiction to enforce this injunction, including by contempt proceedings.

DATED:  April 03, 2012

_____
Hon. James V. Selna
United States District Court Judge,
Central District of California